UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON NICHOLAS HERNANDEZ,
#353061
              Petitioner,

                                          CASE NO. 10-10640
v.                                   HONORABLE VICTORIA A. ROBERTS

GREGORY McQUIGGIN,

              Respondent.
_____/

**<u>ORDER
DISMISSING HABEAS PETITION WITHOUT PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner Aaron Nicholas Hernandez filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it appears from the face of the petition that Petitioner has not exhausted state remedies, the petition will be dismissed without prejudice.

**I. Background**

In 2008, Petitioner was charged in Wayne County, Michigan with first-degree criminal sexual conduct, assault with intent to commit sexual penetration, first-degree home invasion, and assault with intent to do great bodily harm less than murder. On July 18, 2008, he pleaded guilty in Wayne County Circuit Court to first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84. The remaining charges were dismissed. State court records indicate that the trial court sentenced Petitioner as a habitual offender on August 6, 2008, to six to twenty years in prison for the home

invasion, and one to ten years in prison for the assault.[1]

On September 28, 2009, Petitioner filed a complaint for writ of habeas corpus in Chippewa County Circuit Court. He alleged that (1) the trial court lacked jurisdiction over him because the criminal information was defective and (2) his criminal arraignment was improper. Chief Circuit Judge Nicholas J. Lambros dismissed the complaint on December 29, 2009. He concluded that the trial court was not divested of jurisdiction and, therefore, habeas corpus was an improper method of review.

Petitioner filed his federal habeas corpus petition on February 12, 2010. He raises the same issues that he presented in his state court complaint: (1) there was a radical jurisdictional defect in the warrant, complaint, and criminal information and (2) the state district and circuit courts violated his right to due process by failing to arraign him within forty-eight hours.

---

[1] Although the state docket sheet attached to the habeas petition indicates that Petitioner was sentenced to one to ten years in prison for the home invasion and six to twenty years for the assault, the maximum penalty for assault with intent to commit great bodily harm less than murder is ten years, and the maximum penalty for first-degree home invasion is twenty years. *See* MICH. COMP. LAWS § 750.110a(5) ("Home invasion in the first degree is a felony punishable by imprisonment for not more than 20 years or a fine of not more than $5,000.00, or both."); MICH. COMP. LAWS § 750.84 ("Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars."). It therefore appears that the trial court's docket reversed the two sentences. Records maintained by the Michigan Department of Corrections on its official website confirm that Petitioner was sentenced six to twenty years in prison for the home invasion and one to ten years for the assault. *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=353061.

## II. Discussion

### A. The Exhaustion Doctrine

The doctrine of exhaustion of state remedies requires state prisoners to present claims in state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state supreme court, when that review is part of the state's ordinary appellate review procedure. *O'Sullivan*, 526 U.S. at 845, 847. This means that the habeas petitioner must present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "Although the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Id.* at 415. The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### B. Application

Petitioner asserts on the cover of his habeas petition that he completed exhaustion in state circuit court. He has not alleged or demonstrated that he raised his claims in the Michigan Court of Appeals and in the Michigan Supreme Court. In fact, Chief Judge Lambros stated in his opinion and order dismissing Petitioner's state

3

complaint for the writ of habeas corpus, that Petitioner *had* a constitutional right to file an appeal of his conviction and that he *could have* raised his issues on appeal to the Court of Appeals. These comments support this Court's conclusion that Petitioner did not exhaust state remedies.

Furthermore, Petitioner appears to have an available state remedy to exhaust. If he can no longer take a direct appeal from his convictions, he may be able to file a motion for relief from judgment in the trial court and seek discretionary review from the trial court's decision. *See* Mich. Ct. Rules 6.502-6.509.

### III. Conclusion

Petitioner failed to exhaust state remedies for his claims, and he appears to still have an available state remedy to exhaust. Accordingly, the habeas corpus petition [Dkt. #1] is summarily **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order is not meant to imply that Petitioner's claims warrant further exhaustion of state remedies or that the habeas petition was timely filed. The Court is unable to make those determinations now.

The Court declines to issue a certificate of appealability because reasonable jurists would debate "whether the petition states a valid claim of the denial of a constitutional right" or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If Petitioner nevertheless chooses to appeal this decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 25, 2010

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Aaron Nicholas Hernandez by electronic means or U.S. Mail on February 25, 2010.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |